UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLEM D. DALRYMPLE | * | CIVIL ACTION: 2:18-cv-14237 |
| | * | |
| V. | * | |
| | * | JUDGE: SARAH S. VANCE |
| THE UNITED STATES POSTAL | * | |
| SERVICE, ET AL. | * | |
| | * | MAG: JUDGE JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S REPLY TO THE UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE FOR PERMISSION TO SCHEDULE MORE THAN 10 PERPETUATION DEPOSITIONS**

**MAY IT PLEASE THE COURT:**

Counsel for The United States of America is "reading" much more into Plaintiff's Motion for Leave for Permission to Schedule More Than 10 Perpetuation Depositions, than Plaintiff asked for.

The United States of America knows very well that Plaintiff intends to take 11 perpetuation depositions of treating physicians, all as a result of the multitude of injuries sustained by Clem Dalrymple, when Jonathan Jones made a u-turn from the shoulder of the roadway, in front of Clem Dalrymple, while Mr. Dalrymple was on a motorcycle, causing multiple horrific injuries.

Plaintiff is not requesting a "Blank Order from the Court." Plaintiff did, in fact, specify to counsel for The United States of America who he seeks to depose and why those depositions are necessary.

The healthcare providers, whose depositions have been noticed, are not "currently" treating the Plaintiff. However, details of their treatment are included in the over 7,000 pages of medical records, which have been provided to The United States of America, on more than one occasion. The United States of America cites no basis for their "positon" that these physicians have to be "currently treating Plaintiff."

The United States of America is correct in stating that the Plaintiff has already taken the deposition of Jonathan Jones, the postal service driver.

**There is absolutely no basis for The United States of America's assertion that, "Plaintiff will also seek to depose Defendant's five experts, bringing it to a total of 17 depositions Plaintiff seeks to take in this matter."** Plaintiff has not done so.

The United States of America claims that the Plaintiff offered "no argument or facts as to why he should be permitted to take these depositions." However, that is simply not the case. Plaintiff has stated that these depositions "are essential to the Plaintiff's case regarding his injuries and medical treatment, for the convenience of the health care providers for practice in Hammond, LA and for the convenience of the Court." The United States of America even quotes the Plaintiff in connection with that statement. The United States of America has correctly listed the treating physicians, the dates of those depositions and the times for those depositions.

## CONCLUSION

When Counsel for The United States of America talks about the "balance" in Federal Rule of Civil Procedure 26, they should also recognize that the severity of this case and the injuries

2

sustained by Clem Dalrymple as a result of the fault of Jonathan Jones has necessitated treatment by more than one health care provider. Therefore, in order for the Court to be fully informed, the Court needs to hear from the pertinent health care providers, and the taking of their depositions will make this process a lot more convenient for the parties, the health care providers and the Court.

Respectfully submitted,
**BOGGS, LOEHN & RODRIGUE**

/s/ THOMAS E. LOEHN
**THOMAS E. LOEHN (#8663)**
2324 Severn Avenue, Suite 100
Metairie, Louisiana 70001
Telephone: (504) 828-1202
Facsimile: (504) 828-1208
Email: tloehn@yahoo.com
*Counsel for Plaintiff, Clem D. Dalrymple*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel of record receiving a hard copy by Certified Mail, Return Receipt Requested by first-class mail to non-CM/ECF participants, this 27th day of February, 2020.

/s/ Thomas E. Loehn

3