UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLEM D. DALRYMPLE | CIVIL ACTION |
| VERSUS | NO. 18-14237 |
| UNITED STATES OF AMERICA ET AL. | SECTION "R" (2) |

## ORDER AND REASONS ON MOTIONS

This is a personal injury action arising from a collision involving a motorcycle and a United States Postal Service vehicle. It was filed under both the Federal Tort Claims Act and Louisiana state law against two defendants. Plaintiff has filed two motions that are pending before me: one for sanctions against defendant United States of America and also seeking a status conference to address trial issues, Record Doc. No. 116; the second seeking leave of court to exceed the presumptive ten-deposition limit. Record Doc. No.124. The United States filed written opposition memoranda to both motions. Record Doc. Nos. 120, 128. Plaintiff was granted leave to file a reply to each opposition. Record Doc. Nos. 127, 133. For the following reasons, plaintiff's motions are GRANTED IN PART AND DENIED IN PART, subject to the directives contained herein.

(1)     "MOTION FOR SANCTIONS"

A motion is "a request for a court order . . . [and] must . . . state the relief sought." Fed. R. Civ. P. 7(b)(1)(C) (emphasis added). Because it requests no particular relief beyond generic "sanctions," plaintiff's motion arguably fails to comply with Rule 7. It certainly lacks pragmatism, except as a means by which plaintiff's counsel has vented about government counsel's troubling and disappointing violations of certain applicable rules and the

unreasonably short notice of its expert's inspection of the motorcycle involved in the subject accident. Plaintiff's motion papers cite no particular law as any basis for sanctions: not Fed. R. Civ. P. 37(a) or (b) or 11, not 28 U.S.C. § 1927, not even the courts' unquestioned **inherent** power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," Link v. Wabash R. Co., 370 U.S. 626, 630 (1962); to impose sanctions for bad faith conduct during litigation, a power that has been in no way displaced by the above-cited sanctions Rules and statute, Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991); and "to manage discovery . . . [without] a ceiling for the district court's exercise of its broad power to manage the case." United States v. Louisiana, 2012 WL 832295, at *2–3 (M.D. La. Mar. 9, 2012).

Plaintiff's reply memorandum drives home the general impracticality of his motion, beyond pedagogical purposes, by stating: "**Plaintiff is not asking for money sanctions. Plaintiff is asking that the Court 'reign' (sic) in the actions of The United States of America and require them (sic) to follow the same Federal Rules of Civil Procedure that the Plaintiff is mandated to and is willing to follow.**" Record Doc. No. 127 at p. 6 (bold in original). I suppose that by "reign" plaintiff actually means "rein," including its secondary dictionary definition of "any means of curbing, controlling, or directing a check." The American College Dictionary at p. 1021 (Random House 1970).

Plaintiff's complaints about government counsel's conduct are essentially threefold. His first complaint – that his counsel was "completely unaware" of the "involvement in this case" of the government's vocational rehabilitation expert and his "establishment of a Life

Care Plan" for plaintiff until the expert telephoned plaintiff's counsel directly to make scheduling arrangements for a possible examination – is no basis for sanctions. There is no indication that the expert or government counsel failed to comply with Fed. R. Civ. P. 26(a)(2), (3)(A)(i) or (4) in what appears to have been simply an attempt by the expert courteously and expeditiously to obtain plaintiff's counsel's scheduling input.

However, the second and third complaints relating to government counsel's failure timely to serve plaintiff's counsel with third-party subpoenas and to provide reasonable notice of another government expert's inspection of the subject motorcycle **do** identify failures of government counsel to comply with the applicable Rules. Fed. R. Civ. P. 45(a)(4) clearly provides:

> Notice to Other Parties **Before** Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then **before it is served on the person to whom it is directed**, a notice and a copy of the subpoena **must be served on each party**.

(emphasis added).

In addition, the government's subpoenas were clearly employed "for . . . discovery." Fed. R. Civ. P. 45(c)(2). Subpoenas "'are discovery devices . . .'" Garvin v. S. States Ins. Exchg. Co., 2007 WL 2463282, at *5 n.3 (N.D. W. Va. Aug. 28, 2007) (quoting In re Application of Time, Inc., 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), aff'd, 209 F.3d 719, 2000 WL 283199 (5th Cir. 2000)); Nicholas v. Wyndham Int'l, Inc., 2003 WL 23198847, at *1–2 (D.V.I. Oct. 1, 2003) (the "clear majority position [is] that use of Rule 45

subpoenas constitutes discovery"). Fed. R. Civ. P. 5(a)(1)(C) requires: "[E]ach of the following papers must be served on every party: . . . a discovery paper required to be served on a party, unless the court orders otherwise; . . ."

Government counsel concede that they violated these Rules in connection with four subpoenas by delaying service upon plaintiff's counsel for seven to eleven days <u>after</u> they were served upon the persons to whom they were directed. Record Doc. No. 120 at p. 2. Counsel blame "clerical oversight" for this failure. <u>Id.</u> Knowledge of and compliance with the applicable Rules is the responsibility of counsel, not secretaries or other clerical personnel. "Clerical oversight" is no excuse for counsel's own failure to comply with the court's Rules. <u>See</u>, <u>e.g.</u>, <u>Symbiosis Inc. V. Ortlieb</u>, 432 Fed. App'x 216, 220 (4th Cir. 2011); <u>Shorette v. Harrington</u>, 234 Fed. App'x 3, 5 (2d Cir. 2007); <u>Magraff v. Lowes HIW, Inc.</u>, 217 Fed. App'x 759, 761 (10th Cir. 2007).

The government argues in its opposition memorandum that no sanctions are warranted because plaintiff suffered no prejudice by its counsel's violation of the Rules, since the government ultimately produced to plaintiff's counsel all materials received in response to the subpoenas and since plaintiff's counsel himself was able to attend the motorcycle inspection, albeit hurriedly and on short notice. This argument misses the point of the prior notice rule. "The purpose of requiring notice [of third-party subpoenas] prior to service is to allow opposing parties to object prior to service and move to quash or for a protective order." 9A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 2454 (3d ed., rev. 2019)(available online)(hereinafter "Wright & Miller"). Grounds for possible objection,

motions to quash or modify the subpoena or for a protective order include failure to allow a reasonable time to comply, Fed. R. Civ. P. 45(d)(3)(A)(i), and specifying different terms or conditions for compliance, including as to time, place and scope of inspection, upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(B). The notice of motorcycle inspection pursuant to subpoena of only a few days provided by the government in this instance was unreasonably short. By failing to provide the requisite **prior** (not contemporaneous or after-the-fact) service of the subpoena upon plaintiff's counsel, the government effectively precluded plaintiff's counsel from bringing timely objections or motions to the court. While "most courts ruling on the issue have held that the consequence of untimely notice should not be **an automatic quashing** of the subpoena, at least in the absence of prejudice to the opposing party," Wright & Miller, id. (emphasis added), modification of the subpoena in terms of timing and/or other terms of the inspection may well have been the result of an appropriate motion.

As noted above, the court finds government counsel's failure to comply with the applicable Rules disturbing and disappointing. The court is similarly disturbed and disappointed when plaintiff's counsel fails to state what particular relief is sought in a motion for unspecified sanctions, as contemplated by Fed. R. Civ. P. 7(b)(1)(C), or fails to comply with Local Rule 7.4 (enacted pursuant to Fed. R. Civ. P. 83(a)) when a supporting memorandum includes no basis in law through the required "citations to authorities" in support of a request for a court order) or fails to include the notice of submission required by Local Rule 7.2 when a motion is opposed. See Record Doc. No. 124. Since no particular

substantive sanctions are sought in this motion, none are granted, and the motion is denied in part to that extent. In the interest of "reining," however, as opposed to "reigning," the motion is granted in part in that counsel for both sides are hereby directed to familiarize themselves with the applicable Federal Rules of Civil Procedure and Local Rules whenever they do something in this case and comply with them.

As noted above, plaintiff's "motion for sanctions" also requests a conference with the court "to discuss the Trial," Record Doc. No. 116-1 at p. 10; the pending motions filed by defendant Amazon and the related lack of discovery of Amazon; and the possibility of a trial continuance. Record Doc. No. 127 at pp. 5–6. This motion has been referred to a United States Magistrate Judge. Record Doc. No. 119. However, all of the items that are the subject of the requested status conference are exclusively within the province of the district judge who will preside over the trial, not a magistrate judge with no role at trial. Accordingly, this portion of the motion is denied. Counsel are hereby instructed that any party who seeks a trial continuance must file a motion for a continuance as soon as possible, noticed for submission if it is opposed, before the presiding district judge.

(2) MORE THAN TEN (10) DEPOSITIONS

Fed. R. Civ. P. 30(a)(2) provides: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): . . . (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule" by either side (emphasis added). In determining whether permitting additional depositions is consistent with Rule 26(b)(1) and (2), the court

must evaluate whether the requested discovery is relevant and proportional to the needs of the case, considering the parties' relative access to the information, the amount in controversy, the parties' resources, the importance of the issues at stake and the importance of the requested discovery in resolving them, and whether its burden and expense outweighs its likely benefit; whether the discovery is unreasonably cumulative or duplicative; whether it can be obtained from some more convenient or less burdensome and expensive source; and whether the requesting party has had ample opportunity to obtain it through other discovery.

Plaintiff's perfunctory initial motion papers, which he failed to notice for submission as required by Local Rule 7.2, despite the fact that it is opposed, provided next to no information necessary for the court to evaluate the applicable legal standard. Fortunately, the opposition memorandum and plaintiff's reply, together with information already in the record, permit an informed evaluation of the applicable factors and ruling as follows.

Plaintiff's motion is granted in part, but only insofar as it seeks the court's leave to exceed the ten-deposition limit by permitting depositions of the eleven healthcare providers listed in Record Doc. No. 128 at p. 2. To date, plaintiff has taken only one deposition. Permitting these eleven (11) depositions will exceed the presumptive limit by only two.

Evaluating the Rule 26(b)(1) and (2) factors in this case militates in favor of granting plaintiff's motion to the extent noted above. The amount in controversy in this case is substantial in terms of dollars, including more than $1 million in past medical expenses, almost $300,000 in lost income, and a request for an award of general damages resulting from a broad and serious array of 53 different kinds of alleged injuries. Record Doc. No. 1

at ¶'s XI – XV. The parties' relative access to the information is approximately equal. Defendants' resources are substantial, certainly adequate to bear the expense of these depositions, and plaintiff is willing and apparently able to expend resources to cover the expense. The witnesses to be deposed have provided health care to plaintiff for his myriad claimed injuries and physical conditions allegedly caused or exacerbated by the accident. The government's argument that their testimony is not important because they are not plaintiff's <u>current</u> treating physicians in no way means that their testimony is not important in this case in which plaintiff's physical condition, injuries and medical treatment history are highly important to resolution of the issues. I reject entirely defendant's argument that the anticipated depositions are unreasonably cumulative or duplicative. The often obscure, technical and coded nature of documentary medical records, which are voluminous in this case, is no adequate substitute or acceptable other source for explanatory testimony, which can reasonably be expected to be more comprehensible and helpful to the court at trial than the medical records alone. The expense and burden of these additional eleven (11) depositions does not outweigh their benefit to resolution of the case. I find that the broad-ranging nature of plaintiff's claimed injuries and his extensive medical treatment by a large number of health care providers dictate that a higher deposition limit permitting these eleven (11) depositions is appropriate.

The motion is denied in part to whatever extent, if any, that it requests blanket leave at this time for plaintiff to take any unspecified number of additional depositions, including for example the depositions of the government's numerous experts and/or the Rule 30(b)(6)

deposition of defendant Amazon. Whether any such additional depositions will be permitted must await plaintiff's determination of whether the government experts' written reports provide sufficient information to forego the expense to plaintiff, Fed. R. Civ. P. 26(b)(4)(E), of multiple experts' pretrial depositions and a ruling on Amazon's pending motions. If plaintiff seeks to take additional depositions beyond the eleven (11) permitted herein, he must file a new motion for leave that specifically addresses the relevant legal standard and factors as to any particularly identified additional deponent.

New Orleans, Louisiana, this \_\_\_3rd\_\_\_ day of March, 2020.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE