UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLEM D. DALRYMPLE | CIVIL ACTION |
| VERSUS | NO. 18-14237 |
| UNITED STATES POSTAL SERVICE, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

The Court has received from defendant Amazon.com, Inc., objections under Rule 72 to the Magistrate Judge's order granting plaintiff Clem Dalrymple leave to file his Third Supplemental and Amended complaint.[1] Because plaintiff's proposed amendment is futile, the Court reverses the Magistrate Judge's order.

## I. BACKGROUND

This case arises from a motor vehicle accident.[2] Plaintiff was driving a motorcycle on a highway in Louisiana when he allegedly hit a United States Postal Service truck,[3] causing severe injuries.[4] Plaintiff sued the driver of the

---

1   R. Doc. 105.
2   *See* R. Doc. 1 at 2 ¶¶ III-VI.
3   *See* R. Doc. 10 at 2 ¶¶ III-VI.
4   *See id.* at 4-5 ¶ XI.

truck, Jonathan Jones, and his employer, the United States Postal Service,[5] under the Federal Tort Claims Act.[6]

Plaintiff subsequently amended his complaint to name the United States of America—rather than Jonathan Jones or the United States Postal Service—as the defendant.[7] Plaintiff then amended his complaint a second time to add Amazon as a defendant,[8] claiming that the driver of the USPS truck was "delivering packages for Amazon[.]"[9] Amazon responded with a motion to dismiss for failure to state a claim, arguing, *inter alia*, that plaintiff's claim was prescribed.[10]

Following the motion to dismiss from Amazon, Plaintiff moved to amend his complaint a third time.[11] Plaintiff suggests this most recent complaint was filed in response to Amazon's motion to dismiss.[12] The complaint now explicitly references an alleged "Shipping Services Contract" entered into between Amazon and the USPS.[13] And based largely on this contract, plaintiff now alleges three general bases for Amazon's liability: that

---

5   *See* R. Doc. 1 at 1-2 ¶ II; *id.* at 7.
6   *See id.* at 1 ¶ I.
7   *See* R. Doc. 10 at 2 ¶ II; *id.* at 7.
8   *See* R. Doc. 30 at 1 ¶ II, 2 ¶ VI.
9   *Id.* at 2 ¶ III.
10  R. Doc. 36.
11  R. Doc. 84.
12  *See* R. Doc. 84-1 at 1; R. Doc. 93 at 1.
13  *See, e.g.*, R. Doc. 84-3 at 2 ¶ III.

2

Amazon acted negligently,[14] that Amazon controlled Jones as a servant,[15] and that Amazon endowed Jones with authority.[16] Amazon opposed plaintiff's motion to file a third amended complaint, arguing that the amendment was futile because plaintiff's claim was prescribed and failed to state a claim.[17]

The Magistrate Judge granted plaintiff leave to file the Third Supplemental and Amended Complaint.[18] Amazon now objects to the Magistrate Judge's order granting plaintiff leave to amend on the grounds that the Magistrate Judge incorrectly applied the *contra non valentem* doctrine to find the amendment not futile, and that the Magistrate Judge should have considered the argument that the complaint failed to state a cognizable claim for relief.[19]

## II. LEGAL STANDARD

A magistrate judge may consider both nondispositive and dispositive matters. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1). Rule 72 provides that a magistrate judge may issue an order over a "pretrial matter

---

[14] *See id.* at 2-3 ¶ VI.
[15] *See id.* at 3 ¶ VII, 4 ¶ XIV.
[16] *See id.* at 4 ¶ XV, 5 ¶ XVI.
[17] *See* R. Doc. 88 at 4-16.
[18] *See* R. Doc. 99 at 1.
[19] R. Doc. 105.

3

not dispositive of a party's claim or defense." *See* Fed. R. Civ. P. 72(a). On the other hand, a magistrate judge may issue only a recommendation over a "pretrial matter dispositive of a claim or defense." See Fed. R. Civ. P. 72(b)(1). Rule 72, however, does not define the term dispositive.

To determine whether a matter is dispositive or nondispositive, courts have referred to 28 U.S.C. § 636(b)(1)(A). *See Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994) (discussing cases in which courts have used Section 636(b)(1)(A) to define dispositive). Section 636(b)(1)(A) lists the motions that a magistrate judge may not "hear and determine." 28 U.S.C. § 636(b)(1)(A). By referring to the list of motions in the statute, courts have concluded that a motion that is not in the Section 636(b)(1)(A) list, nor analogous to a motion on the list, is a nondispositive matter. *See Vaquillas Ranch*, 844 F. Supp. at 1161 (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). A motion for leave to amend a complaint is not listed under Section 636(b)(1)(A).

Indeed, other courts have found that motions for leave to amend are nondispositive. *See Pyca Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (providing that a motion to amend is nondispositive in the context of Fed. R. Civ. P. 54(b) certification); *Palmore v. Hicks*, 383 F. App'x 897, 899 (11th Cir. 2010) (per curiam) ("An order

disposing of a motion to amend is a non-dispositive pretrial ruling."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 n.6 (7th Cir. 2009) ("We have determined that a motion to amend is nondispositive, even where the ruling may prevent joining a defendant."); *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (referring to plaintiff's motion for leave to amend her complaint as a nondispositive pretrial motion); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003) (summary order) (referring to a "motion to amend the complaint and add a claim" as a "nondispositive motion"); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) ("There is no dispute that the motion to amend filed by D'Andrea did not dispose of the lawsuit or a claim."); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is a 'pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed.R.Civ.P. 72(a).").

The Court therefore finds that a magistrate judge's granting of leave to amend a complaint is a nondispositive matter under Rule 72(a) for which a magistrate judge may issue an order, and not merely a report and recommendation. Consequently, the Court employs a "clearly erroneous or contrary to law" standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### III. DISCUSSION

Amazon argues that "[t]he Magistrate Judge erred in finding that Plaintiff's amendment was not futile based on the applicability of the *contra non valentem* doctrine."[20] *Contra non valentem* is a doctrine in Louisiana law that tolls the statute of limitations—that is, "the doctrine of *contra non valentem* . . . [is] an exception to the general rules of prescription." *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

Here, in assessing whether plaintiff's claims against Amazon had prescribed, the Magistrate Judge started by observing that "[t]he claims asserted against Amazon are exclusively state law tort claims."[21] Such claims in Louisiana are subject to a one-year statute of limitations starting from the date of injury. *See* La. Civ. Code. art. 3492. In other words, the plaintiff has a year from the date of the accident to file suit. *See* La. Civ. Code art. 3462 ("Prescription is interrupted . . . when the obligee commences action against

---

[20] R. Doc. 105-1 at 3.
[21] *See* R. Doc. 99 at 4.

6

the obligor, in a court of competent jurisdiction and venue."). But the Magistrate Judge also acknowledged, as explained above, that the limitations period can be tolled.[22] He pointed out that the doctrine of *contra non valentem* creates a "discovery rule."[23] *See Wimberly*, 635 So. 2d at 211. This rule suspends the prescriptive period when "the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant."[24]

The Magistrate Judge found the discovery rule applicable here. He did so by crediting an argument in plaintiff's brief but not stated in his complaint that plaintiff only learned of Amazon's alleged involvement after receiving written discovery responses from the government.[25] Calculating from the date plaintiff filed his initial complaint, the Magistrate Judge found that the earliest date plaintiff theoretically could have received discovery responses was January 26, 2019.[26] As plaintiff moved for the amendment at issue on November 26, 2019[27]—under a year later—the Magistrate Judge found the

---

[22] *See id.* at 4-5.
[23] *See id.*
[24] *See id.* (emphasis omitted) (citing, among others, *Dominion Expl. & Prod., Inc. v. Waters*, 972 So. 2d 350, 358 (La. App. 4 Cir. 2007)).
[25] *See id.* at 7-8.
[26] *See id.* at 8.
[27] R. Doc. 84.

amendment not time-barred.[28] And thus he found the amendment not futile.[29] This finding then informed the Magistrate Judge's decision that the Federal Rules permitted the amendment.[30]

The Court finds that the Magistrate Judge's conclusion that plaintiff's claims have not prescribed and thus are not futile is clearly erroneous. Determining whether it would be futile to amend a pleading requires "apply[ing] 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). The 12(b)(6) legal standard "support[s] dismissal" based on prescription "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. Dec. 13, 2019, update) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

Here, it is evident from plaintiff's Third Supplemental and Amended Complaint that his suit is time-barred, and this complaint does not raise a

---

[28] *See* R. Doc. 99 at 8.
[29] *See id.*
[30] *See id.* at 8-9.

8

basis for tolling. Specifically, the complaint states that the accident occurred on January 15, 2017.[31] Plaintiff filed an administrative action against the USPS on June 21, 2018.[32] The USPS responded that it had six months from the date of filing to adjudicate the matter,[33] but plaintiff did not receive a response in that timeframe.[34] Plaintiff therefore filed suit with this Court on December 27, 2018.[35] Plaintiff did not amend his complaint to include allegations against Amazon until his Second Supplemental and Amended Complaint, which plaintiff moved to file on August 7, 2019.[36]

As can be seen, therefore, plaintiff's complaint is prescribed on its face. Plaintiff had until January 2018—a year after his accident—to file suit. But he did not do so until December 2018—approximately two years after his accident. And Amazon was not added until August 2019—over two and a half years after the accident. *Cf. In re Whitaker Const. Co., Inc.*, 439 F.3d 212,

---

[31] *See* R. Doc. 10 at 2 ¶ V. The Second Supplemental and Amended Complaint and the Third Supplemental and Amended Complaint both "supplement and amend" the initial complaint with new allegations against Amazon, *see* R. Doc. 30 at 1; R. Doc. 100 at 1, but neither repeats the general factual allegations. The Court therefore looks to the First Supplemental and Amended Complaint, R. Doc. 10, for these alleged facts.
[32] *See* R. Doc. 10 at 7 ¶ XVI.
[33] *See id.*
[34] *See id.* at 7 ¶ XVII.
[35] R. Doc. 1.
[36] R. Doc. 27. The complaint was then filed on August 14, 2019. R. Doc. 30.

9

218 (5th Cir. 2006) ("[T]he essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved." (quoting *Nini v. Sanford Bros., Inc.*, 276 So. 2d 262, 264-65 (La. 1973))).

Moreover, the face of the complaint does not provide a basis for finding prescription tolled. Plaintiff's Third Supplemental and Amended Complaint presents no alleged facts to explain why plaintiff's cause of action against Amazon was "not known or reasonably knowable by the plaintiff." *Wimberly*, 635 So. 2d at 211. If anything, the facts pleaded by plaintiff specifically indicate that the postal truck was making a delivery on a Sunday,[37] when mail deliveries do not usually occur. Yet the complaint provides no facts justifying why plaintiff did not file a claim against the company for over a year and a half after the prescriptive period ended.

Plaintiff states in his complaint that he originally filed his FTCA claim in the administrative forum of the USPS Tort Claims Department.[38] Plaintiff avers that the USPS stated that it had six months to address his claim.[39] Plaintiff then states that because "[m]ore than six months ha[d] passed" without "response from the USPS Tort Claims Department," plaintiff

---

[37] *See* R. Doc. 100 at 5 ¶ XVI.
[38] *See* R. Doc. 10 at 7 ¶ XVI.
[39] *See id.*

10

"desire[d] to proceed with this claim by virtue of this Complaint."[40] From these facts, plaintiff makes the legal argument that filing this administrative claim interrupted prescription as to Amazon,[41] because it is a joint tortfeasor with the government.[42] *See* La. Civ. Code art. 2324(C) ("Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."). But Fifth Circuit precedent forecloses this argument. In *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366 (5th Cir. 2004) (per curiam), the Fifth Circuit considered whether a "mandatory FTCA administrative claim . . . interrupted prescription regarding . . . third party tort claims"—the exact circumstances here. *See id.* at 368. The court reasoned that "federally required administrative claims" do not constitute "actions . . . commenced 'in a court of competent jurisdiction and venue,'" which would interrupt prescription under Louisiana law. *See id.* (quoting La. Civ. Code art. 3462). Consequently, the court held that the "FTCA claim did *not* toll prescription of [the] third party state tort claim." *Id.* at 369 (emphasis added).

As such, as the Magistrate Judge correctly concluded, "even assuming, without deciding at this stage, that Amazon, Jones and the United States

---

[40] *See id.* at 7 ¶ XVII.
[41] *See* R. Doc. 44 at 4.
[42] *See* R. Doc. 93 at 3-4.

11

were joint tortfeasors, no applicable precedent establishes that the filing of an administrative claim against an agency of the United States interrupted the state law prescriptive period as to Amazon."[43] *See, e.g.*, *Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 210 (5th Cir. 1997) ("[E]ven assuming, *arguendo*, that the [government] and [a third party] are solidary obligors, [the plaintiff] points to no authority for the proposition that the filing of an *administrative* complaint against the [government] interrupts the prescription period."). The face of the complaint, in other words, does not provide a basis for tolling the statute of limitations.

In order to find a reason to toll the statute of limitations, therefore, the Magistrate Judge had to look outside the pleadings. Specifically, the Magistrate Judge looked to plaintiff's memorandum in reply to his motion for leave to file the Third Supplemental and Amended Complaint. In this brief, the plaintiff stated that he had no indication that the driver was acting for Amazon until he received written discovery from the USPS:

> I[t] was not until after suit was filed that The United States Postal Service in response to written Discovery that The United States Postal Service informed the plaintiff that [Jonathan Jones] was delivering packages for [Amazon].[44]

---

[43] *See* R. Doc. 99 at 7.
[44] R. Doc. 99 at 7 (alterations in original) (quoting R. Doc. 93 at 3-4 (emphasis omitted)).

12

Based on these statements in plaintiff's brief, the Magistrate Judge invoked the *contra non valentem* discovery rule.[45]

The Magistrate Judge's reliance on materials outside the pleadings was clearly erroneous. Again, a claim is futile when "it is evident from the plaintiff's *pleadings* that the action is barred and the *pleadings* fail to raise some basis for tolling or the like." *Jones*, 339 F.3d at 366 (emphasis added). "The Fifth Circuit has held that a 'pleading' is defined by Federal Rule of Civil Procedure 7(a)." *Knickerbocker v. Harvey*, No. EP-06-CA-0180-FM, 2006 WL 3301065, at *1 (W.D. Tex. Nov. 7, 2006) (citing *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984)). And Rule 7(a) "defines a 'pleading' . . . as only a complaint, answer, reply to counterclaim, answer to cross-claim, third-party complaint, third-party answer, or reply to an answer if ordered by the court." *Id.* (citing Fed. R. Civ. P. 7(a)); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1183 (3d ed. Aug 2019 update) (stating that "an 'answer' to a motion" is "not considered [a] pleading").

More generally, as noted above, when a court determines if an amendment is futile for being time-barred, it applies the legal standards provided by Rule 12(b)(6). *See Stripling*, 234 F.3d at 873. And "[i]n

---

[45] *See id.* at 7-8.

considering a [12(b)(6)] motion . . . , a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Here, as already discussed, the pleadings themselves do not provide a basis for tolling the prescriptive period. Furthermore, plaintiff does not attach any documents to his pleadings—such as the alleged discovery responses that triggered his knowledge of Amazon's involvement—that might provide such a basis.

The Court may also consider under the Rule 12(b)(6) standard "documents attached to either [the] motion . . . or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Here, plaintiff repeats in his opposition to the motion before the Court his arguments that he only knew of Amazon's involvement from the government's discovery responses.[46] But he does not attach any relevant documents supporting this contention. And even if he had, these documents would not be appropriate for the Court to consider, as they would not be referenced in the pleadings.

Indeed, when other courts have considered *contra non valentem* arguments in the 12(b)(6) context, they have limited their analyses to the

---

[46] *See* R. Doc. 108 at 2-4.

facts that appear in the pleadings. *See, e.g., McDonald v. Nationwide Bldg. Servs. Inc.*, No. 3:17-CV-00981, 2019 WL 4303037, at *4 (W.D. La. Aug. 26, 2019), *report and recommendation adopted*, No. 317-CV-00981, 2019 WL 4281944 (W.D. La. Sept. 10, 2019) (finding that "in the absence of a curative amendment, dismissal on the *contra non valentem* argument is recommended," where plaintiff "alleges no facts to show that she made reasonable efforts to investigate"); *Davis v. Toyota Motor Sales*, No. CIV.A. 14-683, 2015 WL 3456656, at *8 (M.D. La. May 29, 2015) (dismissing plaintiff's claims because he "did not raise any allegation in his complaint" that would trigger *contra non valentem*, and because "[t]he new claims raised in Plaintiff's opposition are not properly before the Court"); *Hargrove v. Bos. Sci. Corp.*, No. 13-3539, 2014 WL 4794763, at *8 (E.D. La. Sept. 24, 2014) (denying motion to dismiss, but "rel[ying] solely on the [plaintiffs'] pleadings, and tak[ing] the [plaintiffs'] well-pleaded factual allegations— including their allegations regarding *contra non valentem*—as true").

Moreover, plaintiff already amended his complaint once to include allegations against Amazon.[47] Amazon's motion to dismiss that complaint alerted plaintiff to the prescriptive problems with his claim.[48] Despite this

---

47   *See* R. Doc. 30 at 1 ¶ I.
48   *See* R. Doc. 36.

15

notice, plaintiff's most recent complaint alleges no facts that remedy this problem. Given this scenario, the Court finds instructive the warning in *Vice v. Sgarlato Med LLC*, No. 10-266, 2010 WL 2942652 (W.D. La. July 21, 2010). There, the court granted leave to amend a complaint, but stated that "failure to allege sufficient facts" for the discovery rule—that is, failure "to allege what diligent efforts [plaintiff] took, and/or the reasons why the discovery was not made earlier"—"*will be fatal to plaintiff's claims.*" *See id.* at *3 (emphasis added). Here, plaintiff was granted leave to amend his complaint, but his amended complaint fails to allege facts sufficient to support the *contra non valentem* discovery rule. The Court therefore finds this failure fatal to plaintiff's claims.

To be clear, the Court is not saying that the plaintiff's complaint needed to incant the phrase "*contra non valentem.*" But the 12(b)(6) standard requires plaintiff to plead some facts that make the application of this doctrine plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that to overcome a motion to dismiss, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Plaintiff does not plead these facts here.

16

Because the Magistrate Judge's finding that the amendment was not futile was clearly erroneous, the Court also finds that the Magistrate Judge's decision granting leave to amend the complaint was clearly erroneous. In determining whether to grant plaintiff's request to file an amended complaint, the Magistrate Judge conducted a two-part inquiry. First, he considered whether plaintiff met the Rule 16 standard for modifying the scheduling order.[49] *See* Fed. R. Civ. P. 16(b)(4). That is, because the deadline for amending pleadings had already passed by the time of plaintiff's motion,[50] plaintiff first had to "establish 'good cause' for his untimely filing."[51] *See id.*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave [to amend a pleading]."). Second, the Magistrate Judge considered whether plaintiff met the Rule 15 standard for amending pleadings. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

---

[49]     *See* R. Doc. 99 at 2-3.
[50]     *See id.*; *see also* R. Doc. 22 at 1.
[51]     *See* R. Doc. 99 at 3.

17

In finding that plaintiff met both the Rule 16 and Rule 15 standards, the Magistrate Judge relied on his conclusion that the amendment was not futile. Regarding Rule 16, the Magistrate Judge stated that "[p]ermitting the amendment is important because a court generally should not dismiss an action for failure to state a claim without giving plaintiff at least one chance to amend."[52] The Magistrate acknowledged, though, that "the general rule that one amendment should be permitted before dismissal for failure to state a claim does not apply if the amendment would be futile."[53] Consequently, as the Magistrate found that "the amendment is not futile," he also found that "[t]he importance factor weighs in favor of a finding of good cause."[54] Likewise, regarding Rule 15, the Magistrate Judge again noted that "the amendment is not futile,"[55] before finding that the Rule 15 standard was met.[56]

The Court finds that the Magistrate Judge's finding that the amendment was not futile so infects his other conclusions as to make them clearly erroneous. Per the Magistrate's own assessment, permitting amendment under Rule 16 generally should not be allowed when an

---

[52] R. Doc. 99 at 3.
[53] *See id.* (emphasis omitted).
[54] *See id.* at 8
[55] *Id.* at 9.
[56] *See id.* at 9-10.

18

amendment would be futile. Or in the terms of the factors considered for establishing good cause to amend under Rule 16, because the amendment is futile, it is not important. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) ("In determining good cause [under Rule 16], we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" (quoting *S&W Enters.*, 315 F.3d at 536)). Thus, the Court does not find good cause to allow plaintiff's untimely filing under Rule 16.

The futility of the amendment also presents a reason to disallow it under the "the liberal Rule 15 standard."[57] "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as . . . futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Thus, even if there were good cause for the amendment, the Court would not find that justice requires granting leave under Rule 15. Overall, therefore, the Court reverses the Magistrate Judge's order allowing plaintiff leave to amend his complaint.

---

57  *See* R. Doc. 99 at 9.

19

Amazon also objects to the Magistrate Judge's order for not addressing its argument that the amendment was futile for failing to state a cognizable claim.[58]  Having found the amendment futile—and thus impermissible—on the basis of prescription, the Court does not reach this additional argument.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Amazon's objection and REVERSES the Magistrate Judge's order granting plaintiff leave to amend his complaint.  The Court therefore STRIKES the Third Supplemental and Amended Complaint from the record.

New Orleans, Louisiana, this __12th__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[58]    *See* R. Doc. 105.