UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEM D. DALRYMPLE                                CIVIL ACTION

VERSUS                                           NO. 18-14237

UNITED STATES POSTAL SERVICE,                    SECTION "R" (2)
ET AL.

## ORDER AND REASONS

The Court has received from defendant Amazon.com, Inc., a motion to dismiss the claims against Amazon contained in plaintiff Clem Dalrymple's Second Supplemental and Amended Complaint.[1] Following plaintiff's filing of his Third Supplemental and Amended Complaint, the Court also received Amazon's second motion to dismiss, which incorporates the prior motion.[2] Because plaintiff's complaint is prescribed on its face, the Court dismisses plaintiff's claims against Amazon.

---

1    R. Doc. 36.
2    R. Doc. 106.

I.  **BACKGROUND**

This case arises from a motor vehicle accident.[3] On January 15, 2017, plaintiff was driving a motorcycle on Highway 22 in Louisiana.[4] A United States Postal Service truck, driven by Jonathan Jones,[5] then allegedly "pulled out of a private driveway onto Highway 22 . . . or alternatively, made a U-Turn from the shoulder of the roadway on Highway 22, . . . all without yielding to Clem Dalrymple."[6] Plaintiff allegedly struck the left side of the truck, "was ejected from his motorcycle and actually flew through the truck's window."[7] The collision caused plaintiff to suffer severe injuries.[8]

On June 21, 2018, plaintiff submitted a tort claim to the USPS, pursuant to its administrative procedures.[9] More than six months passed without the claim being resolved.[10] On December 27, 2018, therefore, plaintiff filed this suit.[11]

---

[3]   *See* R. Doc. 1 at 2 ¶¶ III-VI.
[4]   *See* R. Doc. 10 at 2 ¶ III.
[5]   *See id.* at 2 ¶¶ IV.
[6]   *See id.* at 2 ¶ V.
[7]   *See id.* at 2 ¶ VI.
[8]   *See id.* at 4-5 ¶ XI.
[9]   *See* R. Doc. 10 at 7 ¶ XVI.
[10]  *See id.* at 7 ¶ XVII.
[11]  *See* R. Doc. 1; R. Doc. 10 at 7 ¶ XVII.

On February 1, 2019, plaintiff filed his First Supplemental and Amended Complaint.[12] In his original complaint, plaintiff had sued the driver of the truck, Jonathan Jones, and his employer, the USPS.[13] Plaintiff amended his complaint to name the United States of America—rather than Jonathan Jones or the USPS—as defendant.[14] On June 12, 2019, the USPS and Jones were dismissed as defendants.[15]

On August 14, 2019, Plaintiff then filed his Second Supplemental and Amended Complaint.[16] This time, plaintiff amended his complaint in order to add Amazon as a defendant,[17] claiming that the driver of the USPS truck was "delivering packages for Amazon[]."[18] Amazon then filed a motion to dismiss for failure to state a claim,[19] and the Court denied plaintiff's motion to postpone consideration of the motion to dismiss.[20]

On November 26, 2019—following Amazon's motion to dismiss—plaintiff moved to amended his complaint a third time.[21] In this most recent

---

[12] R. Doc. 10.
[13] *See* R. Doc. 1 at 1-2 ¶ II; *id.* at 7.
[14] *See* R. Doc. 10 at 2 ¶ II; *id.* at 7.
[15] R. Doc. 17.
[16] R. Doc. 30.
[17] *See id.* at 1 ¶ II, 2 ¶ VI.
[18] *Id.* at 2 ¶ III.
[19] R. Doc. 36.
[20] R. Doc. 80.
[21] R. Doc. 84.

complaint, plaintiff alleged that the USPS's employee was "on a mission for or acting as an agent for Amazon[] delivering packages . . . pursuant to the 'Shipping Services Contract,' which was in existence between Amazon[] and The United States Postal Service."[22] Based largely on this alleged contract, plaintiff also added additional claims against Amazon,[23] including that Amazon acted negligently,[24] that Amazon controlled Jones as a servant,[25] and that Amazon endowed Jones with authority.[26]

The Magistrate Judge granted leave to file the complaint,[27] but Amazon objected to the Magistrate Judge's order.[28] The Court sustained these objections, and the Court struck the Third Supplemental and Amended Complaint from the record.[29]

Amazon now renews its motion to dismiss plaintiff's claims.[30]

---

[22] R. Doc. 84-3 at 2 ¶ III.
[23] *See id.* at 2-5 ¶¶ VI-XVIII.
[24] *See id.* at 2-3 ¶ VI.
[25] *See id.* at 3 ¶ VII, 4 ¶ XIV.
[26] *See id.* at 4 ¶ XV, 5 ¶ XVI.
[27] R. Doc. 99.
[28] R. Doc. 105.
[29] *See* R. Doc. 140 at 20.
[30] R. Doc. 106.

## II. LEGAL STANDARD

To overcome a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must "accept all factual allegations in the complaint as true" and "must also draw all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "'detailed factual allegations,'" but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*,

550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## III. DISCUSSION

Because the Court has struck the Third Supplemental and Amended Complaint,[31] the Court looks to the Second Supplemental and Amended Complaint as the operative complaint.[32] The Court considers here Amazon's

---

[31] *See* R. Doc. 140 at 20.
[32] R. Doc. 30. The Second Supplemental and Amended Complaint "supplement[s] and amend[s] [the] original Complaints," *see* R. Doc. 30 at 1, but does not repeat the general factual allegations. The Court therefore

6

motion to dismiss that complaint.³³ In that motion, Amazon argues under Rule 12(b)(6) that plaintiff's claim against it should be dismissed because they are prescribed, and because Amazon cannot be vicariously liable for Jones's actions.³⁴

The Court finds that plaintiff fails to state a claim against Amazon, because his claims are prescribed.³⁵ "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. Dec. 13, 2019, update) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

Plaintiff alleges that Amazon "is liable for the negligent actions of Jonathan Jones."³⁶ Plaintiff's claims against Amazon, therefore, sound in

---

looks to the First Supplemental and Amended Complaint, R. Doc. 10, for these alleged facts.
33   R. Doc. 36.
34   *See id.* at 1.
35   The Court notes that it previously reached a similar conclusion when it found plaintiff's Third Supplemental and Amended Complaint to be futile on the basis of prescription, and thus struck that complaint from the record. *See* R. Doc. 140 at 8, 20.
36   R. Doc. 30 at 2 ¶ V.

7

tort. Under Louisiana law,[37] torts are subject to a one-year statute of limitations starting from the date of injury. *See* La. Civ. Code. art. 3492. Thus, a plaintiff has a year from the date of the accident to file suit. *See* La. Civ. Code art. 3462 ("Prescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.").

The complaint states that the accident occurred on January 15, 2017.[38] Plaintiff filed an administrative action against the USPS on June 21, 2018.[39] The USPS responded that it had six months from the date of filing to adjudicate the matter,[40] but plaintiff did not receive a response in that timeframe.[41] Plaintiff therefore filed suit with this Court on December 27, 2018.[42] Plaintiff did not amend his complaint to include allegations against

---

[37] Plaintiff brought his original complaint under the Federal Tort Claims Act. *See* R. Doc. 1 at 1 ¶ I. Plaintiff's subsequent complaints do not state the jurisdictional basis for his complaints against Amazon. Under either diversity or supplement jurisdiction, though, *see* 28 U.S.C. §§ 1332, 1367, the Court would apply Louisiana law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).
[38] *See* R. Doc. 10 at 2 ¶ V.
[39] *See id.* at 7 ¶ XVI.
[40] *See id.*
[41] *See id.* at 7 ¶ XVII.
[42] R. Doc. 1.

Amazon until his Second Supplemental and Amended Complaint, which plaintiff moved to file on August 7, 2019.[43]

These dates show that the complaint is prescribed on its face. Plaintiff had until January 2018—a year after his accident—to file suit. But he did not do so until December 2018—approximately two years after his accident. And Amazon was not added until August 2019—over two and a half years after the accident. *Cf. In re Whitaker Const. Co., Inc.*, 439 F.3d 212, 218 (5th Cir. 2006) ("[T]he essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved." (quoting *Nini v. Sanford Bros., Inc.*, 276 So. 2d 262, 264-65 (La. 1973))).

Moreover, the face of the complaint does not provide a basis for finding prescription tolled. Plaintiff argues that "[p]rescription was certainly interrupted, when the Administrative Claim was submitted on June 21, 2018."[44] The complaint does indicate that plaintiff filed an administrative claim,[45] and that plaintiff waited for over six months for the USPS to adjudicate the matter.[46] But plaintiff cites no authority for the proposition that filing this administrative claim interrupted prescription.

---

[43] R. Doc. 27. The complaint was then filed on August 14, 2019. R. Doc. 30.
[44] R. Doc. 44 at 4.
[45] *See* R. Doc. 10 at 7 ¶ XVI.
[46] *See id.* at 7 ¶ XVII.

9

Indeed, Fifth Circuit precedent forecloses this proposition. In *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366 (5th Cir. 2004) (per curiam), the Fifth Circuit considered whether a "mandatory FTCA administrative claim . . . interrupted prescription regarding . . . third party tort claims"—the exact circumstances here. *See id.* at 368. The court reasoned that "federally required administrative claims" do not constitute "actions . . . commenced 'in a court of competent jurisdiction and venue,'" which would interrupt prescription under Louisiana law. *See id.* (quoting La. Civ. Code art. 3462). Consequently, the court held that the "FTCA claim did *not* toll prescription of [the] third party state tort claim." *Id.* at 369 (emphasis added).

Furthermore, independent of the rule in *Drury*, the filing of the administrative claim could not have interrupted prescription, because the prescriptive period already had run. Plaintiff states that "the Administrative Claim was submitted on June 21, 2018, well within one year from the date of the accident."[47] But plaintiff pleads that the accident occurred on January 15, 2017.[48] Consequently, plaintiff initiated the administrative action *nearly a year and a half* after the accident—well outside Amazon's prescriptive

---

| | |
|---|---|
| 47 | R. Doc. 44 at 4. |
| 48 | *See* R. Doc. 10 at 2 ¶¶ III, V. |

10

period.⁴⁹ And "[o]nce prescription occurs it cannot be interrupted." *Noggarath v. Fisher*, 557 So. 2d 1036, 1037 (La. App. 4 Cir. 1990).

Because the Court finds the complaint prescribed on its face, the Court does not address Amazon's additional arguments regarding failure to state a claim based on vicarious liability.⁵⁰

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Amazon's first motion to dismiss and DISMISSES WITH PREJUDICE plaintiff's claims against Amazon. The Court DENIES AS MOOT Amazon's second motion to dismiss.

New Orleans, Louisiana, this __12th__ day of March, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

⁴⁹ By contrast, the statute of limitations for plaintiff to file his administrative claim against the government under the FTCA was two years. *See* 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

⁵⁰ *See* R. Doc. 36 at 7-9.