UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLEM D. DALRYMPLE | ) | CIVIL ACTION NO.: 2:18-CV-14237 R(2) |
| | ) | |
| VERSUS | ) | JUDGE SARA S. VANCE |
| | ) | |
| THE UNITED STATES POSTAL SERVICE AND JONATHAN JONES | ) | MAG.: DONNA P. CURRAULT |

**MEMORANDUM IN SUPPORT OF OBJECTION TO TESTIMONY OF JEFFREY E. MEYERS AND MOTION TO STRIKE FILED BY PLAINTIFF, CLEM DALRYMPLE**

**MAY IT PLEASE THE COURT:**

Plaintiff, Clem Dalrymple, objects and moves to strike certain exhibits sought to be attached to the deposition of Jeffrey E. Meyers, and portions of his testimony on the following grounds:

(1) The defendant seeks to introduce the records of the Social Security Administration as part of the testimony of Mr. Meyers. For the reasons addressed, *infra*, those records should not be part of Mr. Meyers' testimony.

(2) The plaintiff seeks to strike all testimony of Mr. Meyers related in any way to Social Security Administration documents. Approximately one-fourth of the 128-page deposition of Mr. Meyers dealt with those records. However, Mr. Meyers' expert report contains no mention whatsoever of the records of the Social Security Administration. Consequently, the purported testimony of Mr. Meyers, offered by the defendant, constitutes an attempt at trial by ambush, a practice long ago barred by federal courts. The following are the pages sought to be

excluded:

| | |
|---|---|
| Page 39, Lines 11-25 | Page 81, Lines 1-16 |
| Page 40, Lines 1-25 | Page 84, Lines 12-25 |
| Page 41, Lines 1-25 | Page 88, Lines 17-25 |
| Page 42, Lines 1-25 | Page 89, Lines 1-25 |
| Page 43, Lines 1-25 | Page 91, Lines 3-25 |
| Page 44, Lines 1-25 | Page 92, Lines 1-25 |
| Page 45, Lines 1-25 | Page 93, Lines 1-25 |
| Page 46, Lines 1-25 | Page 94, Lines 1-25 |
| Page 47, Lines 5-8 | Page 95, Lines 1-25 |
| Page 57, Lines 1-12 | Page 96, Lines 1-25 |
| Page 61, Lines 3-8 | Page 97, Lines 1-25 |
| Page 70, Lines 6-21 | Page 98, Lines 1-25 |
| Page 71, Lines 7-16 | Page 110, Lines 8-25 |
| Page 72, Lines 21-25 | Page 111, Lines 1-22 |
| Page 73, Lines 1-3 | Page 123, Lines 19-25 |
| Page 78, Lines 14-25 | Page 124, Lines 1-25 |
| Page 79, Lines 1-12 | Page 125, Lines 1-25 |
| Page 80, Lines 1-25 | Page 126, Lines 1-25 |
| | Page 127, Lines 1-25 |

Plaintiff also seeks to strike from the record the curriculum vitae of Mr. Meyers, and his report attached to his deposition as Exhibits 1 and 2, for reasons discussed *infra*.

On May 20, 2019, in response to request by the defendant, United States of America, the plaintiff forwarded a Social Security Administration Consent for Release of Information to the United States Attorney's Office signed by Mr. Dalrymple.[1] Presumably, as early as May 21, 2019, the defendant had an authorization for release of Mr. Dalrymple's Social Security Administration records.

This Court's Order required the defendant to produce its expert reports by February 18, 2020.

The defendant had eight months to process the social security release and obtain the information it sought, and to provide it to its expert, Mr. Meyers, prior to his February 18, 2020

report. When it submitted the application to the Social Security Administration is known only to the defendant. Mr. Meyers' report, dated February 18, 2020, is the only report he has prepared for this litigation according to his own testimony,[2] and that report has not been supplemented. It is axiomatic that all of the opinions of an expert retained for litigation purposes should be contained in his report and the report shall contain any exhibits used or relied on by the expert.[3] The purpose of the rule is to allow the opposing party to prepare rebuttal reports, to depose the expert in advance of trial, and to prepare for depositions and cross-examination at trial." *Minebea Co. Ltd. v. Pabst*, 231 FRD 3, 5-6 (D.D.C. 2005). Such a rule is put in place so prevent unfair surprise at trial and to permit parties have a fair opportunity to review and prepare for opposing expert opinions.

Mr. Meyers' perpetuation deposition was taken by the defendant on October 26, 2020. Mr. Meyers was asked:

"Q. Mr. Meyers, when did you receive the social security record you referenced?

A. Sometime last week.

Q. Last week?

A. Yes sir."[4]

So eight months after he completed his report, Mr. Meyers was given the social security records upon which one-fourth of his testimony was based. He prepared no supplemental report according to his own testimony. It is clear from the questioning by defendant's counsel that she had received an oral supplementation by Mr. Meyers of his report, since she questioned him

---

1 Transmittal letter, dated May 20, 2019
2 Deposition of Meyers, Page 22, Lines 8-13
3 Federal Rules of Civil Procedure, Rule 26

extensively on it, and he responded extensively.

It is not as if Mr. Meyers is a hard-to-get-a-hold-of expert. By his own testimony, he has worked for the defendant at least two to three dozen times in the past,[5] for which he charges $320.00 an hour. Mr. Meyers was obviously ready to work on a moment's notice for the government, formulating an opinion expressed in his deposition regarding these records which he did not commit to a report and which he did not provide to the plaintiff.

The records themselves were provided to the plaintiff in late September, 2020, after plaintiff's counsel requested the defendant provide the documents it received pursuant to the release.

It should be noted that the social security application itself was prepared over the telephone, by the plaintiff and a social security employee, and does not bear the signature of the plaintiff.

Counsel for the defendant also questioned Mr. Meyers about the effect of his receiving Medicaid benefits on his opinion.[6] If Mr. Meyers had opinions related to receipt of Medicaid benefits, which according to his testimony he learned from defendant's counsel, such an opinion should have been included in his report. It was not.

Some of the testimony sought to be excluded came from the cross-examination of Mr. Meyers about his opinion. Plaintiff's counsel was in the unenviable position of having to question the witness in the event the Court would allow Mr. Meyers' last-minute ambush testimony into evidence.

---

4 Deposition, Page 92, Lines 10-15

5 Deposition, Page 18, Lines 10-13

6 Deposition, Page 88, Lines 17-25; Page 89, Lines 1-25; Page 90, Lines 1-8; Page 110, Lines 8-25; Page 111, Lines 1-22

Although there are circumstances where experts might offer opinions on matters not covered in their report if certain exigencies exist, that is not the case here. Counsel for defendant had three quarters of a year to obtain the Social Security Administration records and get them to her expert prior to his rendering his report. She simply did not do so. Instead, she gave him the social security records a week before the perpetuation deposition, and then questioned him at length regarding those records. That is unfair, improper, and prejudicial.

A testifying expert must comply with requirements of Rule 26(a)(1)(2)(B) and is subject to the prohibitions of Federal Rules of Civil Procedure Article 37(c)(1). See *Tucker v. United States*, 2009 WL 4198254 (E.D. La. September 4, 2019). Here, Mr. Meyers failed to provide any of the information required with regard to his opinion regarding the Social Security Administration records. He did not provide a statement regarding his opinion and the basis thereof. He did not provide in his statement the facts or data he considered in forming his opinion regarding the social security records, and he did not provide any exhibits. Consequently, all deposition testimony offered in the case regarding the Social Security Administration records, including Medicaid records, which he similarly ignored in his report, should be barred.

The defendant has offered as a trial exhibit the curriculum vitae of Jeffrey E. Meyers (Exhibit 1 to the deposition) and the report of Mr. Meyers, dated February 18, 2020. Both documents are hearsay pursuant to Article 801, Federal Rules of Evidence. Mr. Meyers was deposed and testified regarding the matters contained in those two exhibits. As such, the exhibits should not be admitted.

## CONCLUSION

For the reasons stated, the plaintiff is entitled to an Order striking those portions of the deposition testimony of Mr. Meyers dealing with the Social Security Administration records,

testimony regarding Medicaid payments, and the CV and report of Mr. Meyers.

Respectfully submitted,

**BOGGS, LOEHN & RODRIGUE**

/s/ Thomas E. Loehn
**THOMAS E. LOEHN (#8663)**
2324 Severn Avenue, Suite 100
Metairie, Louisiana 70001
Telephone: (504) 828-1202
Facsimile: (504) 828-1208
Email: tloehn@yahoo.com
Attorney for Plaintiff, Clem D. Dalrymple

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record receiving a hard copy by Certified Mail, Return Receipt Requested by first-class mail to non-CM/ECF participants, this 15th day of December, 2020.

/s/ Thomas E. Loehn