**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CLEM D. DALRYMPLE** | * | **CASE NO. 18-14237** |
| **vs.** | * | **SECT. R(2)** |
| **UNITED STATES OF AMERICA** | * | **JUDGE VANCE** |
| | * | **MAG. JUDGE CURRAULT** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO TESTIMONY OF JEFFREY E. MEYERS AND MOTION TO STRIKE**

**NOW COMES,** the United States of America, Defendant herein, through the undersigned Assistant United States Attorney, and responds to Plaintiff's Objection to the testimony of Defendant's economist expert Jeffrey E. Meyers and motion to strike.

As an initial matter, Defendant avers that Plaintiff's motion to strike, notice of submission of same, and request for expedited hearing are all improper. This Court's Order provided deadlines for objections to deposition testimony and responses. R. Doc. 180 p. 3-4. Those are the only pleadings permitted. The motion to strike is untimely, improper, and should not be permitted by the Court.

**A. Motion to strike Meyers' report and CV is untimely and without merit.**

Plaintiff moves to strike Meyers' report and CV from the record in this matter as hearsay under Federal Rule of Evidence 801. Plaintiff's objection, however, is untimely and should be denied. The parties filed Witness and Exhibit Lists on March 17, 2020. Defendant's listed as Exhibits 19 and 20 Meyers' CV, testimony history, and February 18, 2020 report. R. Doc. 149 p. 4. Per the Court's March 27, 2020 Order, the parties were to submit memoranda on any unresolved objections to exhibits or testimony no later than May 28, 2020. R. Doc. 161, p. 3. Plaintiff did not file any objections to any of Defendant's exhibits. This Court's July 7, 2020 Order specifically

stated that the parties have already identified and objected to all exhibits, and that no further objections may be filed. R. Doc. 180, p. 3. Plaintiff's objection to the introduction of Meyers' report, CV, and testimony history is therefore untimely and should be denied.

Further, Plaintiff included on his own exhibit list the reports, documents, and CVs of his own experts. R. Doc. 150, Exhibits 10 and 11. If Plaintiff's expert reports are entered into evidence, in the interest of fairness and completeness, Defendant's expert reports should also be included in the record. If instead the Court determines that the reports are in fact excludable hearsay, Defendant avers that again, in the interest of fairness, the Court should exclude the reports and CVs of Plaintiff's experts as well.

**B. Meyers' testimony about the Social Security records and the records themselves was not prejudicial and for completeness should be part of the record.**

Plaintiff objects to Meyers' testimony about records received from the Social Security Administration (SSA) on Plaintiff's disability claim because these records were not mentioned in Meyers' expert report. The records were not mentioned in Meyers' report because Defendant did not receive these records until six months after Defendant's expert reports were due. On July 8, 2019, Defendant sent an executed Consent for Release Information regarding Plaintiff to the SSA.[1] Defendant did not receive a response to this request until August of 2020.[2] On August 18, 2020, Defendant sent the Social Security records to Plaintiff's counsel.[3] On August 19, 2020, counsel for Plaintiff sent an email to the undersigned stating he had received those records.[4] That same day, counsel for the USA forwarded a copy of the invoice it received from the SSA to counsel for the Plaintiff.[5]

[1] *See* July 8, 2019 request and release, attached hereto as Exhibit 1.
[2] *See* August 13, 2020 Social Security Invoice, attached hereto as Exhibit 2.
[3] *See* the August 18, 2020 correspondence letter and Fed Ex receipt, attached hereto as Exhibit 3.
[4] *See* the August 19, 2020 email from Plaintiff's counsel, attached hereto as Exhibit 4.
[5] *See* the August 19, 2020 email from Defendant's counsel, attached hereto as Exhibit 5.

Plaintiff had been in possession of the Social Security records for over two months before Meyers' deposition. While the records are not mentioned in Meyers' report, the records themselves and his testimony about those records did not change any of his ultimate opinions, namely that Plaintiff does not have a valid claim for any past or future lost wages. These records did not materially change Meyers' opinions and thus Plaintiff did not suffer any prejudice or ambush.

In addition, the Social Security records are critical evidence because Plaintiff himself is the one raising his claimed disability as an issue. Defendant suspects Plaintiff will argue that because he has been receiving Social Security disability benefits, that confirms he cannot work at all. Indeed, Plaintiff's economist testified that Plaintiff's disability determination was the basis for his opinion on Plaintiff's earning capacity:

> Q. Okay. As it related to post-accident earnings capacity, you assumed that plaintiff is permanently and totally disabled; correct?
>
> A. Correct.
>
> Q. And what are you relying on to reach that conclusion?
>
> A. Well, he's in a – he's receiving disability income now from social security.
>
> Q. And you assumed that for both of your calculations; correct?
>
> A. Yes.
>
> Q. Did you review any medical records to reach that conclusion?
>
> A. No.
>
> Q. What did you review to reach that conclusion?
>
> A. I just relied on things that I was told by [Plaintiff's counsel], that he was receiving disability payments and the accident was pretty severe and the surgeries he's been through and that kind of thing.

Q. Okay. What else are you –

A. No hard documents.

Q. Okay. So statements made to you by [Plaintiff's counsel]?

A. Correct.[6]

One of the major issues to be decided at trial is whether Plaintiff is capable of returning to work and whether he has any past or future lost wage claim. Plaintiff claims he cannot return to work in any capacity, and will rely on the fact that he is receiving Social Security disability benefits to support that position. Defendant, however, submits that Plaintiff can in fact return to work and is not under any medical restrictions preventing him from doing so. Because Plaintiff will rely on his disability status to support his argument, Defendant should be permitted to rebut that argument by presenting the Court with the actual records from the SSA on Plaintiff's claim and status. These records actually show that Plaintiff declared he was disabled and unable to work as of December 30, 2013, over three years before this accident, and the SSA ended up determining him disabled as of September 1, 2016, over four months before this accident.[7]

Plaintiff will likely argue that these records are inaccurate, and Plaintiff's counsel will have the opportunity to question Plaintiff on these records when he testifies live at trial. However, it is important for completeness of the record that the Court be presented with all of the evidence and given the opportunity to review the actual records from the SSA on Plaintiff's disability status, and not just rely on Plaintiff's own self-serving testimony. Plaintiff has been in possession of these records for many months and thoroughly questioned Meyers about them in his deposition. For these reasons, Defendant avers Meyers' testimony about the Social Security records and the

[6] *See* Deposition of Craig Silva at 45:24 – 47:6, the relevant portions of which are attached hereto as Exhibit 6.
[7] *See* Deposition of Jeffrey E. Meyer at 41:15 – 42:20, the relevant portions of which are attached hereto as Exhibit 7, and the Social Security records, Exhibit 5 to Meyers' deposition, attached hereto as Exhibit 8.

records themselves should be entered into evidence in this matter.

**C. Meyers' testimony about Plaintiff's Medicaid status is not prejudicial.**

All parties have known since the beginning of this case that Plaintiff is receiving Medicaid benefits and that Medicaid has paid all of his medical bills. This fact is no surprise to anyone. Defendant's questioning Meyers on Plaintiff's Medicaid status should not have been unexpected because it is so well-known. Plaintiff's counsel did in fact question Meyers about Plaintiff's Medicaid status.[8] Because the fact that Plaintiff is on Medicaid is not in dispute, and because Plaintiff's counsel was given the opportunity to question Meyers about this, Defendant avers that Meyers' testimony about Plaintiff's Medicaid status is not prejudicial and should be admitted.

**D. In the alternative, Plaintiff could take a supplemental trial deposition of Meyers.**

In the alternative, Defendant would not object to Plaintiff taking a supplemental trial deposition of Meyers on just the Social Security records and Plaintiff's Medicaid status in the event the Court feels Plaintiff's counsel was not given sufficient time to prepare for Meyers' testimony. Defendant avers that such a supplemental deposition should not be necessary, as Plaintiff's counsel did in fact cross-examine Meyers on these issues. However, if in fairness the Court feels a supplemental trial deposition limited to the Social Security records and Medicaid status is warranted, Defendant has no objection to such a solution.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

*/s/ Mary Katherine Kaufman*
**MARY KATHERINE KAUFMAN**
Assistant United States Attorney
LA Bar Roll No. 32719
**ELIZABETH A. CHICKERING**
Assistant United States Attorney

---

[8] *See* Deposition of Jeffrey E. Meyers at 110:13 – 111:3, attached hereto as part of Exhibit 7.

LA Bar Roll No. 31099
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3008
Facsimile:  (5040) 680-3174
Mary.Katherine.Kaufman@usdoj.gov
Elizabeth. Chickering@usdoj.gov